Brockenbrough, J.
delivered the opinion of the Court.
The principal question arising in this case is, Whether a Constable, who has levied a Fi. Fa. issued by a single Magistrate, on a judgment rendered on a warrant for a small debt, can take an indemnifying bond from the plaintiff, under the 25th section of the law concerning executions, (a) in the same manner that a Sheriff may take such bond under an execution issued from a Court of Record. The language of that section is, that if a Sheriff, or Other officer, shall levy an execution, &c. The words “ other officer,” are sufficiently broad to include the case of a Constable. But, there are sound considerations which induce the Court to believe that the Legislature did not intend to include him. The section is placed in the revised act concerning executions, which are directed to issue from the offices of Courts of Record, whereas the section of the law which directs the Magistrate to issue executions, and the Constable to levy them, is found in the body of the act concerning the County and Corporation Courts, (b) and is included in the same section which gives jurisdiction to the single Magistrate in cases of small debts and penalties. This, however, of itself, would have little or no weight. But, the 26th (a) section clearly indicates that the Constable was not in the legislative mind; for it.directs that the bond and security shall be returned with the execution to the office of the Court from whence it issued. Now, the executions in these cases do not issue from any office, or Court. The Magistrate is not a Court, has no office, generally keeps no record, and until very lately, was not required, or authorised to keep a docket of his proceedings. When the bond is returned to the Clerk’s office, it becomes an office paper, for the filing of which, or giving out a copy, the Clerk is entitled to be paid a regular fee prescribed by law, and it is accessible *696 to any person who may claim the property which was levied on, and the doubt as to the title of which, was the eause of the bond being taken. There may be several claimants, an^ ^e bond may be put in suit in the name of the officer who took it for the benefit of either of the claimants; in such case, the Clerk ought not to give possession of the bond to either of them, but to retain it and to produce it on a trial when required by a snbpcena duces tecum, or otherwise. But, if such a bond is returned to the Magistrate, it can only be filed with his private papers, and no fee is allowed for filing it away, or copying it. It is not probabable that the Legislature intended to subject Magistrates to this additional trouble and responsibility, and it is probable that if they had intended to include Constables, they would have provided some office or place to which the bonds taken by them might be returned, and where they might be kept in safe custody. Although, then, these words would of themselves include Constables, yet it seems that the Legislature only intended to embrace Sheriffs, Coroners, Marshals and others, who may levy executions issuing from Courts of Record. The bond, therefore, cannot be recovered on, as a bond under the statute. This decision is not opposed by the decision in M’Clunn v. Steel, 2 Virg. Cas. p. 256, in which this point was not considered.
There is, however, a second breach assigned in this declaration, viz. that the plaintiff himself (the Constable) was put to great costs, and expenditures, and labour and trouble, to his damage of $ 100. Although the bond is not good as a statutory bond, and no evidence ought to be given to prove the first breach, yet, as the defendants have bound themselves to indemnify the plaintiff for all damages and eosts which he might sustain by reason of the premises, the plaintiff ought to be allowed to prove the damages and costs sustained by himself under the second assignment of breaches, the bond being a good bond at common law. The demurrer being to the whole declaration, it must be overruled.
*697 The following is to be entered as the opinion of the Court.
This Court is of opinion, and doth decide, that a Con° stable, who has levied a Fieri Facias issued by a Justice on a judgment upon a warrant, has no power to take an indemnifying bond under the 25th and 26th sections of the act concerning executions; and that there is no error in the judgment of the County Court sustaining the demurrer to the plaintiff’s declaration on that ground; but, as the bond talceu in this case is good as a common law bond, and the plaintiff has in the second assignment of breaches alleged, that he has sustained damage by occasion of the defendant’s breach of the condition of his bond, he ought to be allowed to support that assignment of breaches by proof, and that there is error in the said judgment on that ground; and as the defendants demurred to the whole declaration, this Court is of opinion, and doth decide, that the Superior Court of Law ought to reverse the said judgment, and remand the cause to the County Court for further proceed* Ings to be had therein.

 1 Rev. Code, p. 533, § 25, 26.

 1 Rev. Code, p. 253.